The Court.

It appears from the case of the State use of Vickory vs. Vickory, decided in the late High Court of Errors and Appeals! that before that time a sheriff’s sale was uniformly regarded as ref moving all judgment liens, and that the proceeds of sale were to bq applied to judgments in the order of their preference. That casa went further and applied the same law to recognizances in the Orl phans’ Court, without any distinction, as it appears to us, between re cognizances due and those not due. But as to judgments, it has beel uniformly considered that they were discharged by the sale; and thj sheriff has no right to sell subject to judgments whether due or not duq
It is the policy of the law to disencumber lands as much as pod sible from all liens, which a sale could possibly remove; and thougl there may be some inconvenienciesin the application of the proceed of sale to prior judgments, it seems to us the inconveniencies mui be much greater in selling subject to prior judgments; even thoq *373 which do not happen to be due at the time of sale. At all events, we' are not disposed to change what has been considered the law on this subject; and though this case presents strong reasons, independently of this question, to support the sheriff’s sale; though the mode of sale adopted appears to have been with a view to benefit the defendant; we consider the sale illegal, and it must be set aside. We cannot say that a sale different from the usual mode may not have. prejudiced the defendant; and it will be better to preserve uniformity in the practice and decisions on this subject, than to give way in a particular case for the sake of what appears to be the justice of that case.
Bales and Frame, for the rule.
°J. M. Clayton, for the purchaser.
Rule absolute, and sale set aside.